PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BARONA ASTAIZA, | ) | |
| | ) | CASE NO. 4:23CV1741 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN OF FCI ELKTON, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |

**I. Background**

In August 2023, *Pro Se* Petitioner William Barona Astaiza filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1).[1] Petitioner is currently incarcerated at FCI Elkton.

Petitioner is serving a 101-month prison sentence for international cocaine distribution conspiracy. *See* ECF No. 1 at PageID #: 9. His home detention eligibility date is February 2, 2024, and his projected release date is August 2, 2024. *See* ECF No. 1-2 at PageID #: 20. According to the Petition, Barona Astaiza has earned First Step Act ("FSA") credits, which, if applied correctly, would permit an earlier release from custody. Petitioner states that the Bureau

---

[1] In accordance with the prison mailbox rule, the Court will treat the Petition as if filed on August 29, 2023, the date it was signed and dated. *See* ECF No. 1 at PageID #: 8. The Sixth Circuit has applied the prison mailbox rule in the context of *pro se* prisoner cases. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam) (extending *Houston v. Lack*, 487 U.S. 266 (1988))) (Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.").

(4:23CV1741)

of Prisons ("BOP") has mistakenly determined that he is ineligible for FSA credits because Immigration and Customs Enforcement ("ICE") has placed a detainer on him. Petitioner claims that an ICE detainer is not a final order of removal and his FSA credits should therefore apply. *See* ECF No. 1 at PageID #: 14.

Petitioner has not appealed the BOP's FSA eligibility determination. Rather, he claims that exhausting his administrative remedies would be futile because the BOP is not allowing inmates with detainers to apply earned time credits as a matter of policy. *See* ECF No. 1 at PageID #: 11.

Petitioner now seeks the Court's intervention, asking the Court for an order directing Defendant to apply to his sentence earned time credits under the First Step Act.

## II. Standard of Review

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. 28 U.S.C. § 2243; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or the necessary facts can be determined from the petition itself without consideration of a return. *Allen*, 424 F.2d at 141.

(4:23CV1741)

*Pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted)). This principle of liberal construction applies to petitions for a writ of habeas corpus. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

### III. Law and Analysis

The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 4:19CV1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020). Before seeking habeas relief under § 2241, a prisoner must fully exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). As the Supreme Court has explained, exhaustion serves two important functions: (1) exhaustion protects administrative agency authority, providing the agency an opportunity to correct its own mistakes before being hailed into federal court; and (2) exhaustion promotes efficiency, providing a means to resolve claims more quickly and economically before an agency rather than in litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *see also Fazzini*, 473 F.3d at 232; *Blumling v. United States*, No. 4:19CV2587, 2020 WL 4333006, at *7 (N.D. Ohio July 28, 2020).

To exhaust their administrative remedies, federal prisoners must proceed through the following steps: (1) attempt informal resolution with prison staff; if the prisoner achieves no

3

(4:23CV1741)

satisfaction informally, (2) he must then file a written complaint with the warden; (3) followed by an appeal to the regional director of the BOP; and finally, if the prisoner has received no satisfaction, (4) he may appeal to the office of the General Counsel. *See* 28 C.F.R. §§ 542.10-16; *Chastain v. Williams*, No. 4:20CV1036, 2020 WL 5994519, at *3 (N.D. Ohio Oct. 9, 2020). "An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In most cases, exhaustion is the rule, and failure to exhaust will preclude federal habeas review. *Fazzini*, 473 F.3d at 232. In rare cases, however, when state remedies are inadequate or futile, or exhaustion would result in irreparable harm, exhaustion of administrative remedies is not required. *See McCarthy v. Madigan*, 503 U.S. 140, 146-48 (1992), superseded by statute, 42 U.S.C. § 1997e(a); *Quionones v. Williams*, No. 4:20CV1067, 2020 WL 5760723, at *1 (N.D. Ohio Sept. 28, 2020); *see also Rose v. Lundy*, 455 U.S. 509, 515-16 (1982) (stating that exhaustion should only be excused " 'in rare cases where exceptional circumstances of peculiar urgency are shown to exist' ") (quoting *Ex parte Hawk*, 321 U.S. 114, 117 (1944)).

Here, Petitioner has conceded that he has not appealed the BOP's eligibility determination, claiming that any appeal to the BOP would be futile. And there is no evidence on the face of the Petition (ECF No. 1) and any attached exhibits (ECF No. 1-2) to suggest that Barona Astaiza has filed a written complaint with the warden followed by an appeal to the regional director or General Counsel. The Court therefore finds Petitioner has not exhausted his administrative remedies.

4

(4:23CV1741)

In addition, Petitioner has failed to demonstrate futility or exceptional circumstances of peculiar urgency excusing exhaustion. Barona Astaiza claims that the BOP has misconstrued the First Step Act requirements and mistakenly considered his detainer a "final order of removal," resulting in his ineligibility for earned-time credits. *See* ECF No. 1 at PageID #: 14. But he has not provided the BOP with an opportunity to correct its own purported mistakes. And the BOP is in the best position to determine whether it erred. Although Petitioner might not believe he will get the result he desires from the BOP, he will not know until he pursues and exhausts his claim, beginning with an attempt at informal resolution with prison staff. Petitioner must therefore pursue his remedies with the BOP.

## IV. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is denied, and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| March 29, 2024 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

5